J-S17012-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CITIZENS BANK, N.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER JOHN CRISMAN | : | |
| | : | |
| Appellant | : | No. 2984 EDA 2025 |

Appeal from the Order Entered October 15, 2025
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2024-20296

BEFORE: PANELLA, P.J.E., STABILE, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.: **FILED JULY 9, 2026**

Christopher John Crisman appeals from the order of the Montgomery County Court of Common Pleas denying Crisman's petition to strike and/or open default judgment, thereby allowing the default judgment in favor of Citizens Bank, N.A. (the "Bank") to stand. Regarding the petition to open, Crisman argues the trial court abused its discretion by finding Crisman (1) had not proffered a meritorious defense to the underlying claim, and (2) failed to assert a reasonable excuse or explanation for failing to file a responsive pleading. After careful review, we affirm.

On December 6, 2017, Chris Crisman Photography LLC (the "Borrower"), signed a Promissory Note (the "Note") with the Bank for an

_____

[*] Retired Senior Judge assigned to the Superior Court.

original principal loan amount of $250,000, which was later modified by a Change in Terms Agreement dated November 25, 2019, increasing the credit limit to $380,000. Also on December 6, 2017, Crisman signed a Commercial Guaranty Agreement (the "Guaranty"), thereby guaranteeing payment and performance of the Borrower's obligations under the Note. Both the Borrower and Crisman's address is listed as 652 Broad Acres Road, Penn Valley, PA 18072 ("652") in the Note and the Guaranty respectively.

On August 21, 2024, the Bank filed a complaint against Crisman, alleging the Borrower and Crisman, as guarantor, had defaulted by failing to make payments in accordance with the Note and the Guaranty. **See** Complaint, at ¶ 9. The Bank asserted that the Borrower and Crisman had failed to repay the Bank after the Bank sent them a Demand Letter on August 8, 2024. **See id.** at ¶¶ 8, 10. The complaint sought judgment against Crisman in the amount of $393,132.48, which included the principal amount of $379,999.44, interest of $7,811.10, late charges of $321.94, and legal fees and costs of $5,000. **See id.** at ¶¶ 11-12. The sheriff's affidavit of personal service stated that Crisman was personally served with the complaint on September 5, 2024, at 652. On November 11, 2024, Crisman filed preliminary objections to the complaint.

On November 20, 2024, the Bank filed an amended complaint, updating the requested judgment amount, as of November 15, 2024, to $402,619.89, which included the principal amount of $379,999.44, interest of $16,780.67,

late charges of $639.40, and legal fees and costs of $5,200. **See** Amended Complaint, at ¶ 11. The Bank also attached a copy of the payment history of the loan from inception to November 12, 2024. **See id.** at Exhibit "D." The Amended Complaint maintained 652 as Crisman's address. However, the certificate of service noted that the amended complaint was served upon William C. Katz, Esquire ("Counsel").

On December 20, 2024, Counsel filed preliminary objections to the amended complaint on Crisman's behalf. The Bank, after being given extensions of time, by agreement of the parties, filed an answer to the preliminary objections on March 11, 2025.

On March 28, 2025, the trial court entered an order overruling Crisman's preliminary objections. **See** Order, 3/28/25. The court directed Crisman to file an answer to the amended complaint within 20 days of the date of the order. **See id.** The order and the certified docket entry contain a notation that notice of this order was provided under Pa.R.Civ.P. 236 on March 28, 2025, to "all parties of record."

On May 5, 2025, the Bank filed and served a *praecipe* for entry of default judgment, and the prothonotary entered default judgment that same day, with notice sent to Crisman at 652. In the *praecipe*, the Bank certified that a 10-day notice of intent to enter default judgment was sent to Crisman pursuant to Pa.R.C.P. 237.1. The attached copies of the 10-day notice, and the United States Postal Service Certificates of Mailing, indicate the notice was

sent to both Crisman at 652 and Counsel on April 22, 2025. Notably, Counsel did not formally enter his appearance until June 2, 2025.

On June 4, 2025, Counsel filed a petition to strike or open judgment entered by default. Counsel stated that the Bank also had a separate pending action against the Borrower based on the underlying default. Counsel asserted that on May 29, 2025, he received a ten-day notice from the Bank related to the action against the Borrower. Counsel claimed that upon investigating, he "learned for the first time that [Crisman]'s objections in the case against Borrower had been overruled on May 1, 2025, and further discovered that [Counsel] had not received notice of that Order … because, despite filing multiple pleadings in the case, an appearance had not been formally entered." Petition to Strike or Open Default Judgment, 6/4/25, at ¶ 11.

Counsel only then investigated the status of the instant action, and "learned for the first time that [Crisman]'s preliminary objections had been overruled on March 28, 2025, and, more troublingly, that [the Bank] had taken a default judgment on May 5, 2025." **See id.** at ¶ 13. Counsel argued that no certificate of service was filed with the May 5, 2025 *praecipe* for default judgment, and that he had not received a ten-day notice following the court's overruling Crisman's preliminary objections. Counsel argued that neither he nor Crisman had "any record or recollection whatsoever of receiving the alleged ten-day notice …" despite the electronic filing system noting that the

Bank had purported to serve Crisman and Counsel with a ten-day notice on April 22, 2025. *See id.* at ¶¶ 17-18.

Counsel argued that because neither Crisman nor he received the ten-day notice, nor was the *praecipe* for entry of a default judgment served upon Counsel, the default judgment should be stricken. *See id.* at ¶ 30.

Alternatively, Counsel argued the judgment should be opened because Crisman promptly moved to open the judgment after learning of the entry of default judgment, proffered a reasonable justification for the failure to timely respond, and had a meritorious defense, which was included in a proposed answer attached to the petition. *See id.* at ¶¶ 31-36.

Finally, Counsel argued that, "as a mere guarantor, [Crisman]'s liability to [the Bank] is conditioned upon [the] Borrower being found liable to [the Bank]." *Id.* at ¶ 37. Counsel argued that this had not happened in the separate pending action, as the Borrower had filed a timely answer to that complaint. *See id.* Accordingly, Counsel argued "[u]nless and until [the Bank] obtains a judgment against [the] Borrower, [Crisman] is not liable to [the Bank]." *Id.* at ¶ 38. Counsel also contended that the Bank had no grounds to demand repayment of the loan, as it had not identified an actual default and that the Bank's calculations are erroneous. *See id.* at ¶ 40.

After consideration of the Bank's response to the petition to open/strike judgment, the court denied the petition on October 15, 2025, reasoning as follows:

> The [default j]udgment cannot be opened since there is no meritorious defense. According to the [Note], the [Bank] can sue [Crisman] or the [B]orrower. There is no requirement that the [Bank] succeed on the claim against the [B]orrower first, before proceeding against the guarantor/[Crisman] stated in case law or in the agreement. Lastly, a Certificate of Mailing was attached to the default judgment, which indicates that the ten-day notice was mailed to [Crisman] and [Crisman]'s Counsel mailing address that is listed on the docket. Under the mailbox rule, there is a presumption that a properly timestamped mailing is received by the recipient. There was no argument or indication that the address was incorrect.

Order, 10/15/25, at FN1 (citations omitted). This timely appeal followed.

On appeal, Crisman focuses on the court's denial of his request to open the default judgment. "Unlike a petition to strike a judgment, a petition to open a judgment is an appeal to the equitable powers of the court." ***Roy by & through Roy v. Rue***, 273 A.3d 1174, 1186 (Pa. Super. 2022) (citation and internal quotation marks omitted). It is well settled:

> The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law.... An abuse of discretion is not a mere error of judgment, but if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused.

***Id.*** at 1186-87 (citation omitted).

"Generally speaking, [under Pennsylvania law,] a default judgment may be opened if the moving party has (1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing

to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint." ***Id.*** at 1187 (citation omitted).

In his appellate brief, Crisman asserts the trial court did not contest the timeliness of the petition, ***see*** Appellant's Brief, at FN3, and therefore only provides argument sections discussing the final two prongs. ***See id.*** at 17, 20. Due to our disposition, we assume *arguendo* that Crisman is correct that the timeliness of his petition is undisputed. Further, as we find it dispositive, we first address the reasonable excuse prong.

Crisman argues that the trial court should have opened the default judgment because he had a reasonable excuse for failing to respond. Specifically, Crisman argues that "due to an innocent oversite by counsel, [i.e., Counsel not entering his appearance on the record,] counsel did not receive electronic notice of the trial court's order overruling [] Crisman's preliminary objections, thereby setting in motion the need to file an answer." Appellant's Brief, at 20. Similarly, Crisman claims that neither Crisman nor Counsel received the ten-day notice of intent to enter default judgment, asserting "some irregularity occurred" with both the 10-day notice and service of the entry of default judgment. ***Id.***

The trial court denied relief, finding, in part, that Crisman failed to establish a reasonable excuse for failing to file a responsive pleading. The trial court explained:

> [T]he Court found that [Crisman] lacked a reasonable excuse due to [Crisman]'s counsel['s] failure to enter [his] appearance on the

docket. Due to this administrative oversight, [Crisman]'s counsel had no notice of what was being filed on the docket. Even though [Crisman]'s counsel blames the [Bank] for lack of notice, [the Bank] noted that they are not required to give notice since [counsel was] not yet the attorney of record.

Pa.R.C.P. 236(a)(2) requires the Prothonotary to mail notices of court filings to attorney of record or, if unrepresented, to each party. Failure of [Crisman]'s counsel to enter [his] appearance is not grounds to grant relief.

Trial Court Opinion, 12/11/25, at 5-6 (unnecessary capitalization and footnote omitted).

Under these circumstances, the trial court did not override or misapply the law in denying the petition to open default judgment. *See Roy*, 273 A.3d at 1187. Even assuming *arguendo* that Crisman promptly filed his petition upon learning of the default judgment, he failed to satisfy the second prong of the three-part test governing petitions to open—that he provide a reasonable excuse or explanation for his failure to respond to the complaint. *See id*. Crisman received personal service of the complaint and amended complaint. Despite having actual notice that litigation was pending, and hiring counsel, neither Crisman nor Counsel monitored the docket.

While a petition to open invokes the trial court's equitable powers, Crisman has not shown that the Bank or the court engaged in wrongful conduct or acted in bad faith in relying on the address Crisman provided to the court, prior to Counsel formally entering his appearance.

In any event, even though the court's order overruling preliminary objections was only served on Crisman personally, due to there being no

counsel of record at that time, the subsequent notices provided by the Bank were sent to both Crisman and Counsel. Crisman provides no explanation for why he or Counsel somehow did not receive the ten-day notice or notice of the default judgment, despite both of them previously receiving service of prior filings at the addresses on the record. Neither Crisman nor Counsel have asserted that their docketed addresses are incorrect or have changed.

In light of these circumstances, we conclude the trial court acted within its discretion in finding that Crisman failed to demonstrate a reasonable excuse for his failure to respond. Because Crisman did not satisfy the reasonable excuse prong, we need not examine whether he established a meritorious defense. *See Roy*, 273 A.3d at 1188–89. Accordingly, Crisman is due no relief. We therefore affirm the order denying Crisman's petition to strike and/or open default judgment.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/9/2026